IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ALI ABDULLAL MAYBERRY, | § |
| *Petitioner*, | § § § |
| v. | § § Civil Action No. SA-13-CV-825-XR |
| WILLIAM STEPHENS, Director, Texas Department of Criminal Justice, Correctional Institutions Division, | § § § § |
| *Respondent*. | § § |

## ORDER ACCEPTING THE UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

On this date, the Court reviewed the United States Magistrate Judge's Memorandum and Recommendation and Petitioner's response thereto. Doc. No. 2 & Doc. No. 4. After careful consideration, the Court adopts the Magistrate Judge's recommendation and DISMISSES the case.

## BACKGROUND

Petitioner Ali Mayberry pled *nolo contendere* in the 144th Judicial District Court of Bexar County, Texas, to charges of evading arrest, possession of a firearm by a convicted felon, and aggravated robbery. On June 18, 2013, he was sentenced to two years of confinement. On September 9, 2013, Mr. Mayberry filed this petition for a writ of habeas corpus under 28 U.S.C. § 2254. Doc. No. 1. In his petition, Mr. Mayberry alleges that: (1) he was denied an arraignment, a preliminary hearing, and a speedy trial, (2) his pretrial motions seeking a speedy trial were denied, (3) the evidence was insufficient; and (4) his due process rights were violated

by the state's failure to provide a preliminary hearing or a speedy trial. *Id.*   On October 10, 2013, Magistrate Judge Primomo issued his report and recommendation that the case be dismissed for failure to exhaust all state remedies. Doc. No. 2.  Mr. Mayberry timely filed objections. Doc. No. 4.

## STANDARD OF REVIEW

In the event a party objects to a Report or Recommendation by a Magistrate Judge, the District Court is required to conduct a *de novo* review. 28 U.S.C. §636(b)(1).  Such a review means that the Court will examine the entire record and will make an independent assessment of the law.  The Court need not, however, conduct a *de novo* review when the objections are frivolous, conclusive, or general in nature. *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).  Petitioner has filed written objections to the Magistrate Judge's Report. Docket No. 6.  Accordingly, the Court will conduct a *de novo* review.

## DISCUSSION

It is settled that a prisoner seeking federal habeas review must exhaust all available state court remedies. *Woodford v. Ngo*, 548 U.S. 81, 92 (2006): *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993) (outlining history and logic of exhaustion requirement).  To exhaust a claim, a petitioner must present the substance of his or her habeas claim to the highest state court. *Woodfox v. Cain*, 609 F.3d 774, 790 (5th Cir. 2010).  In Texas, a petitioner can satisfy the exhaustion requirement either through direct appeal or through the state habeas process outlined in Article 11.07 of the Texas Code of Criminal Procedure.   Mr. Mayberry has filed numerous proceedings challenging his conviction.  As a result, the Court's inquiry is focused on whether any of these satisfy the exhaustion requirement.

Mr. Mayberry has filed two state habeas petitions. On June 26, 2013, Mr. Mayberry filed a petition for a writ of habeas corpus in the Fourth Court of Appeals. Cause No. 04-13-00411-CR. The court dismissed the petition for lack of jurisdiction. On June 27, 2103, Mr. Mayberry filed another habeas petition, this time in the Texas Court of Criminal Appeals. Cause No. WR-75,470-08. On July 31, 2013, the court denied this petition because Mr. Mayberry had not first filed it with the court in which the challenged conviction was obtained as required by Article 11.07 § 3(b) of the Texas Code of Criminal Procedure. Since neither habeas petition was properly filed under the governing procedural rules, neither satisfies Petitioner's statutory requirement to exhaust state remedies. *Collins*, 985 F.2d at 795 (citing *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982)) (exhaustion requirement only satisfied if petitioner presents claims in procedurally proper manner).

Mr. Mayberry has also filed numerous applications for writs of mandamus. On August 9, 2012, Mr. Mayberry filed an application for a writ of mandamus pro se in the Fourth Court of Appeals. On August 22, 2012, this application was rejected because the Court found that Mr. Mayberry was represented by counsel and was not entitled to "hybrid" representation. On December 12, 2012, Mr. Mayberry filed another application for a writ of mandamus in the Fourth Court of Appeals. In this application, Mr. Mayberry complained that the trial court had not timely granted his request to represent himself. On December 21, 2012, the application was denied on the grounds that the trial court had not waited for an unreasonably long time before ruling on Petitioner's motion.

Between December 12, 2012 and June 27, 2013, Mr. Mayberry filed four additional applications for writs of mandamus in the Texas Court of Criminal Appeals. All were denied because Mr. Mayberry did not have leave to file an application without a written order. Since

these applications were not filed in a procedurally proper manner, they do not satisfy the exhaustion requirement. *Carter*, 677 F.2d at 443. In addition, these applications for writs of mandamus are neither direct review of the conviction nor collateral attack and accordingly do not satisfy the exhaustion requirement. *See, e.g., Tate v. Dretke*, 2005 WL 1949592, at 2 (S.D. Tex. 2005).

In his objections, Mr. Mayberry asserts that he did not file a direct appeal because the trial judge informed him that he had no right to appeal. Doc. No. 4. Presumably, Mr. Mayberry is referring to his plea colloquy in which the trial judge informed Mr. Mayberry that, by pleading *nolo contendere*, he was likely waiving certain rights to appeal. However, inasmuch as Mr. Mayberry's objections could be construed as a claim that his original plea was involuntary, he must first raise that argument in a future state court proceeding.

Finally, Mr. Mayberry asserts that the habeas petition he filed with the Texas Court of Criminal Appeals was improperly denied. Specifically, Mr. Mayberry asserts that he had in fact complied with the requirement that he first file his petition with the clerk of the 144th Judicial District Court wherein his conviction was originally obtained. Mr. Mayberry has provided no evidence to corroborate this assertion. In addition, Mr. Mayberry appears to have mooted the issue by filing a new habeas petition that he claims was appropriately first filed in 144th Judicial District Court. Doc. No. 4. Mr. Mayberry's claim of administrative inefficiency does not alter the fact that he has not yet exhausted his state remedies and must first allow the state court system to rule on his pending petition before he can pursue relief under the federal habeas statute.

**CONCLUSION**

Since Mr. Mayberry has not yet had the substance of his federal constitutional claims assessed by the state courts, he has not complied with the statutory requirement that he exhaust the remedies available to him at the state court level. Until he does so, Mr. Mayberry is not entitled to federal habeas review. Accordingly, this Court agrees with the Magistrate Judge that Mr. Mayberry's petition for a writ of habeas corpus should be DISMISSED.

SIGNED this 24th day of January, 2014.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE